1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                           SAN JOSE DIVISION

10   AL ZEINY,                              CASE NO. 5:13-cv-01220 EJD

11                                          **ORDER GRANTING DEFENDANTS'**
                                            **MOTIONS TO DISMISS**
12            Plaintiff(s),

     v.

13   UNITED STATES OF AMERICA, et. al.,     [Docket Item No(s). 9, 14]

14
              Defendant(s).
15   _____/

16        *Pro se* Plaintiff Al Zeiny ("Plaintiff") initiated this action on March 19, 2013, against the

17   United States of America, the Central Intelligence Agency ("CIA"), the Federal Bureau of

18   Investigation ("FBI"), "unknown agents and informants" of the CIA,[1] and Areva, Inc. ("Areva")

19   based on alleged "atrocious acts" committed against him by the CIA.  Notably, this is Plaintiff's

20   second action on this same topic, the first having been dismissed by this court on October 10, 2012.[2]

21        Presently before the court are two motions to dismiss, one filed by the Federal Defendants

22   and one filed by Areva.  See Docket Item Nos. 9, 14.  Plaintiff has filed written oppositions to both

23

24

25

26        [1] The United States, CIA, and FBI will be referred to collectively as the "Federal
     Defendants."
27
          [2] Plaintiff's original action was assigned case number 5:12-cv-02752 EJD, and is referred to
28   as *Zeiny I* in this order.

                                              1

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1    motions.[3]  See Docket Item Nos. 10, 23.  The court determined these matters were suitable for

2    decision without oral argument and previously vacated the associated motion hearing.

3         According to the Complaint, federal jurisdiction arises pursuant to 28 U.S.C. § 1331.  See

4    Compl., Docket Item No. 1, at ¶ 3.  Having carefully reviewed the relevant documents, the court

5    finds the motions to dismiss meritorious.  They will each be granted for the reasons stated below.

6                                    **I.    BACKGROUND**

7         As it did in *Zeiny I*, the court recounts those facts from the Complaint most relevant to

8    resolving the instant matters.  Plaintiff is Muslim and was born in Egypt.  Id. at ¶ 19.  He came to the

9    United States in 1991, attended graduate school and eventually obtained a Ph.D. in civil engineering

10   in 1995.  Id.  He became a United States citizen in 2002.  Id.

11        At the core of the Complaint is Plaintiff's allegation that a "group of CIA agents" have a

12   "personal interest" in "bankrupting" Plaintiff and driving him out of the country.  Id. at ¶ 20.  To that

13   end, Plaintiff contends the FBI and CIA infiltrated his employers and turned them against him.  In

14   2008, Plaintiff was fired from a job in South Carolina after his coworkers and managers became

15   suspicious of him.  Id. at ¶ 23.  Plaintiff then voluntarily left another job under similar

16   circumstances.  Id. at ¶ 26.

17        Plaintiff eventually moved to California and began working at Areva in December, 2008.  Id.

18   at ¶ 27.  But once there Plaintiff began to experience the same negative treatment he experienced

19   before.  Id. at ¶ 28.  He believes the FBI and CIA communicated with Areva, as it did with his prior

20   employers.  Id.  This communication between Areva and the government was apparently confirmed

21   by Plaintiff's supervisor on April 19, 2011.  Id. at ¶ 39.

22        Plaintiff was also personally threatened by someone he believes was a covert CIA agent on

23   more than one occasion.  Id. at ¶¶ 25, 31.  Each time, the agent told Plaintiff that he and his family

24   members in Egypt would be arrested and tortured by Egyptian national security police if he

25   complained about CIA misconduct.  Id.  This agent also attempted to mislead Plaintiff into believing

26

27        _____

28        [3] Plaintiff's pleadings have once again been liberally construed because he is proceeding
     without counsel.  See Abassi v. Immigration & Naturalization Serv., 305 F.3d 1028, 1032 (9th Cir.
     2002).

CASE NO. 5:13-cv-01220 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1  the FBI, rather than the CIA, was responsible for the threats.  Id. at ¶ 32.  In other conversations,

2  CIA agents told Plaintiff that he could have no more than four friends, had to shut down his

3  websites, had to withdraw from "Islamic activities," and had to withdraw all complaints lodged with

4  his congressperson.  Id. at ¶ 49.  He was also told he could not open a new Islamic center because

5  "only covert CIA agents can open new Islamic Centers."  Id. at ¶ 53.

6      Plaintiff alleges that he attempted to commit suicide on October 20, 2011, as a result of these

7  events.  Id. at ¶ 42.  While he was hospitalized, Plaintiff contends that his treating doctor offered him

8  a deal on behalf of the CIA.  Id. at ¶ 44.  "The deal was to give plaintiff one year of disability

9  benefits in exchange of Plaintiff leaving the country by finding a job in United Arab Emirates or

10  returning permanently to Egypt."  Id.  When Plaintiff refused the deal, his doctor frightened him

11  from taking legal action against the FBI.  Id.  He attempted suicide again on August 13, 2012, and

12  believes the CIA attempted to orchestrate his murder during the hospital stay.  Id. at ¶ 68.

13      In his request for relief, Plaintiff seeks monetary damages of $100,000,000.00 and a detailed

14  injunction against the CIA and the FBI.

15                              **II.   LEGAL STANDARD**

16      **A.   Federal Rule of Civil Procedure 12(b)(1)**

17      A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or

18  factual.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  A facial 12(b)(1) motion involves

19  an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits

20  the court to look beyond the complaint to extrinsic evidence.  Id.  When a defendant makes a facial

21  challenge, all material allegations in the complaint are assumed true, and the court must determine

22  whether lack of federal jurisdiction appears from the face of the complaint itself.  Thornhill Publ'g

23  Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).  "A party invoking the federal court's

24  jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  Thompson

25  v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

26      **B.   Federal Rule of Civil Procedure 12(b)(6)**

27      Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

28  specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

**United States District Court**
For the Northern District of California

3

rests." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th Cir. 2008).  The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."  <u>Twombly</u>, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings."  <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  The court must accept as true all "well-pleaded factual allegations."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 664 (2009).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice.  <u>See Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-69 (9th Cir. 2001).  But "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  <u>Twombly</u>, 550 U.S. at 555.

### III.   DISCUSSION

Plaintiff has asserted eight causes of action, five of which are challenged by the Federal Defendants in their motion to dismiss.  They are (1) personal injury, (2) obstruction of justice, (3) harassment, (4) obstruction of medical treatment, and (5) violation of civil rights.  One cause of action for intentional infliction of emotional distress is asserted against and challenged by Areva.  Each of these is discussed below in the context of each motion.

### A.   The Federal Defendants' Motion to Dismiss

### 1.   The Tort Claims

The Federal Defendants's argue Plaintiff's causes of action fail for various reasons, most of

CASE NO. 5:13-cv-01220 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   which were addressed in *Zeiny I*.[4]  Indeed, despite the court's prior notation, Plaintiff has again

2   asserted claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680,

3   against federal agencies - namely the FBI and CIA - as well as against individual but unidentified

4   federal agents.  But it is still true that "[t]he United States is the only proper defendant in an FTCA

5   action."  Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995).  Thus, Plaintiff's claims are

6   improper to the extent he seeks relief against any specific agencies or individuals working for those

7   agencies.

8          Next, the court notes that allegations of misrepresentation and deceit underlie most, if not all,

9   of Plaintiff's claims against the Federal Defendants.  See, e.g., Compl., at ¶ 32 ("In an attempt to

10  mislead plaintiff to believe that the FBI is the responsible party, the Augusta, Georgia covert CIA

11  agent who threatened plaintiff has introduced himself to plaintiff as an FBI affiliate."); ¶ 44 ("In the

12  first counseling session with Dr. Hirsch . . . . [she] did not advise plaintiff that it is actually the CIA

13  and not the FBI."); ¶ 51 ("In addition, plaintiff knew that many members in his community are

14  covert FBI (CIA) agents and they will have access to this private information."); ¶ 66 ("One CIA

15  agent introduced herself to plaintiff as a peace activist.  She used malicious tactics to take money

16  from plaintiff, waste his money and efforts, and confuse his efforts by making demands and giving

17  false promises."); see also Pl.'s Opp'n, Docket Item No. 23, at ¶ 5 ("The expression 'FBI (CIA)' is

18  used to indicate that Plaintiff initially thought that the FBI is responsible of the mentioned allegation

19  but later he discovered that the CIA is the responsible party.").  Such claims are not cognizable

20  under the FTCA because it precludes governmental liability for "[a]ny claim arising out of . . . libel,

21  slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).  Thus,

22  the tort claims fail as a matter of law on that ground as well.

23         Furthermore, the allegations contained in the Complaint are not sufficient to state a claim

24  against the Federal Defendants.  The court reiterates here as it did in *Zeiny I* that the "United States

---

[4] They do not, however, contend that Plaintiff failed to exhaust the FTCA's presentation requirement, as codified in 28 U.S.C. § 2675(a), since Plaintiff's administrative claim dated October 11, 2012, was denied by the CIA on March 11, 20132.  The Federal Defendant's Request for Judicial Notice (Docket Item No. 15), which contains documents related to the administrative claim, is GRANTED.

CASE NO. 5:13-cv-01220 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court

For the Northern District of California

1  [is] liable . . . in the same manner and to the same extent as a private individual under like

2  circumstances." 28 U.S.C. § 2674(b). This means that any cause of action asserted against the

3  United States must be a valid cause of action in California. See Conrad v. United States, 447 F.3d

4  760, 767 (9th Cir. 2006).

5         Looking at the Complaint, "obstruction of justice" is not a cognizable civil cause of action in

6  this state despite corresponding criminal statutes addressing that topic. See Agnew v. Parks, 172

7  Cal. App. 2d 756, 765-66 (1959). Nor does it appear that "obstruction of proper medical treatment"

8  is a viable claim in California, and the court is unable based on the allegations to analogize it to one

9  that would be considered viable. In any event, Plaintiff has not plead facts describing some species

10 of legally recoverable damages for this claim even if the court was to assume its viability. See

11 Piscitelli v. Friedenberg, 87 Cal. App. 4th 953, 989 (2001) ("Whatever its measure in a given case, it

12 is fundamental that damages which are speculative, remote, imaginary, contingent, or merely

13 possible cannot serve as a legal basis for recovery.").

14        Finally, the Complaint is deficient overall. Plaintiff has failed to identify any facts which

15 draw a plausible connection between the unidentified agents and the unfortunate series of events that

16 apparently befell him. For that reason, Plaintiff has not satisfied the applicable pleading standard for

17 any cause of action asserted against the Federal Defendants. See Twombly, 550 U.S. at 556-57.

18 Moreover, the speculative theory described in the Complaint, which involves a conspiracy of

19 clandestine CIA control over Plaintiff's travel, religious practice, medical care, and employment due

20 to no reason other than his national origin and involvement with the Muslim community,[5] makes

21 these claims subject to dismissal under the substantiality doctrine. See Hagans v. Lavine, 415 U.S.

22 528, 537 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their

23 jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly

24 insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion."). The

25 instant "allegations appear similar to those in a number of cases that district courts have dismissed

26 ─────────────────────

27        [5] On that note, documentation submitted with the opposition to this motion suggests the FBI
   may actually have been interested in Plaintiff because he downloaded unauthorized software on
28 government-owned computers while working for the Department of Energy. See Docket Item No.
   24, at Ex. B.

6

CASE NO. 5:13-cv-01220 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1   for patent insubstantiality: that plaintiff was subjected to a campaign of surveillance and harassment

2   deriving from uncertain origins. . . ." <u>Tooley v. Napolitano</u>, 586 F.3d 1006, 1010 (D.C. Cir. 2009).

3          Much like *Zeiny I*, Plaintiff's tort claims against the Federal Defendants face a series of

4   obstacles under Rules 12(b)(1) and 12(b)(6).  But in the end, the determination that Plaintiff's claims

5   are barred by the substantiality doctrine renders them incapable of being asserted in federal court.

6   Accordingly, the first, fifth, sixth, and seventh causes of action are dismissed with prejudice as other

7   courts have done on similar findings.  See <u>Ticktin v. CIA</u>, No. CV 08-998-PHX-MHM, 2009 U.S.

8   Dist. LEXIS 29693, at *9-10, 2009 WL 976517 (D. Ariz. Apr. 9, 2009) (collecting similar cases).[6]

9                      **2.    The Civil Rights Claim**

10         Plaintiff again includes a cause of action for violation of unspecified civil rights.  But

11  whatever the legal basis for this claim, it is still improperly asserted against the Federal Defendants

12  because "suits against the United States brought under the civil rights statutes are barred by

13  sovereign immunity."  <u>Affiliated Prof'l Home Health Care Agency v. Shalala</u>, 164 F.3d 282, 286

14  (5th Cir. 1999).   It was also finally decided in *Zeiny I* and therefore barred by res judicata.  <u>See</u>

15  <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 956-57 (9th Cir. 2002) (holding that a dismissal with

16  prejudice is an adjudication on the merits to which res judicata applies).  For these reasons, it is

17  dismissed with prejudice.

18         **B.    Areva's Motion to Dismiss**

19         For reasons similar to those discussed above, Plaintiff's claim against Areva for intentional

---

[6] Plaintiff cites a case from the Seventh Circuit Court of Appeals, <u>Loubser v. Thacker</u>, 440 F.3d 439 (2006), as an example of a conspiracy-theory case that was allowed to proceed past the pleadings stage.  While the court generally agrees with Plaintiff that lawsuits should not be dismissed simply because a government conspiracy is alleged, it is not persuaded that the holding in <u>Loubser</u> changes the outcome here since the case is distinguishable for several reasons.  First, it was decided prior to the United Supreme Court's decisions in <u>Iqbal</u> and <u>Twombly</u>, which are widely considered to have heightened the plausibility requirement for federal pleadings.  And notably, the judges who decided <u>Loubser</u> were split on whether the plaintiff even satisfied the pleading standard in effect prior to <u>Iqbal</u> and <u>Twombly</u>.  Second, the district court in Loubser dismissed the action based on two doctrines not at issue in this case, namely <u>Rooker-Feldman</u> and the domestic relations exception to federal jurisdiction.  There is no discussion of the substantiality doctrine.  Third, the <u>Loubser</u> court reversed after holding only that the two doctrines cited by the district court were improperly applied.  The court did not hold that the plaintiff's case should proceed; in fact, it was skeptical of the allegations, describing them as "highly improbable."  Considering this commentary, there may have been other reasons to dismiss the action that were not before the Seventh Circuit in that particular appellate proceeding.

CASE NO. 5:13-cv-01220 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
For the Northern District of California

1    infliction of emotional distress is equally subject to dismissal under the substantiality doctrine.  It is

2    also subject to dismissal for failure to state a claim.

3          To support a claim for intentional infliction of emotional distress a plaintiff must show the

4    following elements: "(1) extreme and outrageous conduct by the defendant with the intention of

5    causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's

6    suffering severe or extreme emotional distress; and (3) actual and proximate causation of the

7    emotional distress by the defendant's outrageous conduct."  Potter v. Firestone Tire & Rubber Co., 6

8    Cal. 4th 965, 1001 (1993) (internal quotations omitted).  Conduct is "outrageous" if it is "so extreme

9    as to exceed all bounds of that usually tolerated in a civilized community."  Id.

10          Plaintiff's allegations against Areva do not establish the first element of an emotional distress

11   claim.  Plaintiff contends he was "harassed, mistreated, treated like a criminal and treated different

12   than his coworkers" and that he was asked to perform tasks that his manager and supervisor would

13   then report as unauthorized to "establish pretext to justify the planned termination" of Plaintiff as

14   part of a conspiracy with the CIA.  See Compl., at ¶¶ 28, 41, 78.  These mostly conclusory

15   allegations, even if credited as true, do not constitute that type of "extreme and outrageous" conduct

16   that could support an intentional infliction of emotional distress claim in the context of employment,

17   even if Plaintiff was terminated as a result.  Janken v. GM Hughes Elec., 46 Cal. App. 4th 55, 80

18   (1996) ("A simple pleading of personnel management activity is insufficient to support a claim of

19   intentional infliction of emotional distress, even if improper motivation is alleged.").

20          In addition, this cause of action must be dismissed as plead against Plaintiff's former

21   employer because emotional distress claims made within the context of the employment relationship

22   fall within the exclusive remedy provisions of the California Workers' Compensation Act.  See Cole

23   v. Fair Oaks Fire Protection Dist., 43 Cal. 3d 148, 160 (1987) ("When the misconduct attributed to

24   the employer is actions which are a normal part of the employment relationship, such as demotions,

25   promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee

26   suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the

27   Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous,

28   harassment, or intended to cause emotional disturbance resulting in disability.").  At bottom, all of

CASE NO. 5:13-cv-01220 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
For the Northern District of California

1   the actions Plaintiff attributes to Areva fall within the scope of the employer-employee relationship

2   save for the connection to the CIA.  That allegation, however, is not supported by anything other

3   than speculation and, for this reason, the cases cited by Plaintiff are unpersuasive here.

4         Thus,  in addition to deficiency under the substantiality doctrine, Plaintiff cannot as a matter

5   of law state a claim for intentional infliction of emotional distress against Areva.  Because the claim

6   cannot be remedied by amendment, it will be dismissed with prejudice.

7                       **IV.   ORDER**

8         Based on the foregoing, the motions to dismiss (Docket Item Nos. 9, 14) are GRANTED.

9   The first, second, fifth, sixth, seventh and eighth causes of action are DISMISSED WITH

10  PREJUDICE.

11        Judgment will be entered in favor of Areva since this disposition resolves the only cause of

12  action asserted against it.

13  **IT IS SO ORDERED.**

14

15  Dated:  March 17, 2014



16                                  EDWARD J. DAVILA
                                  United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 5:13-cv-01220 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS